IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


LONDA GARRARD                                                          PLAINTIFF

V.                                    Case No. 1:14-CV-1033

FIRST STEP, INC.                                                      DEFENDANT


**MEMORANDUM OPINION**

This matter comes before the Court upon cross motions for summary judgment filed by

Plaintiff Londa Garrard and Defendant First Step, Inc.  ECF Nos. 33 and 35.  The Court has

reviewed the motions, responses, and all supporting documents and finds that the matter is ripe for

the Court's consideration.

**I.  BACKGROUND**

The material facts in this case are undisputed.  Defendant First Step, Inc., is an entity that

provides services to disabled persons.  First Step employed Plaintiff Londa Garrard, a female, from

January 2013 to October 2013.  During this time, First Step had five business locations.  Garrard was

based out of the Fordyce location.  First Step hired Garrard as a bus monitor and then moved her to

the position of van driver in February 2013.  Garrard's initial rate of pay for van driver was set at

$8.00 per hour.  She was paid at the same rate until she resigned in October 2013.  While Garrard

was employed by First Step, certain male van drivers were paid more per hour than Garrard.  Garrard

identifies at least eight male van drivers who were paid more than $8.00 per hour in 2013.[1]

---

[1] James Tolbert made $8.44 per hour and was hired in 2011.  Carl L. Bryant made $8.20 per hour and was hired in 2012.
Renoid Harris made $8.44 per hour and was hired in 2010.  Corey Caradine made $8.44 per hour and was hired in 2011.
Clarence Hulsey made $9.36 per hour and was hired 2009.  Danny Sampson made $8.44 per hour and was hired in 2012.
David Watts made $9.06 per hour and was hired in 2009.  Phillip Doby made $8.44 per hour and was hired in 2011.

Garrard filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), charging First Step with violating the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.[2]  ECF No. 35-12.  The EEOC issued Garrard a right-to-sue letter, and Garrard filed the  present case on June 5, 2014.  Garrard claims that First Step illegally discriminated against her by paying her less than her male counterparts.  Both parties now move for summary judgment, arguing that there are no genuine issues of material fact as to whether First Step discriminated against Garrard.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Under this standard, the inquiry is not whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008) (quoting *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997)).  To defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "nonmovant must present more than a scintilla of evidence and must

---

[2] In her EEOC complaint, Garrard charged First Step with discrimination based on race and sex.  ECF No. 35-12.  The Amended Complaint, however, only states a wage discrimination claim based on gender and does not state a race discrimination claim.  ECF No. 16.

advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (8th

Cir. 1997). "In order to survive a motion for summary judgment, the non-moving party must be able

to show sufficient probative evidence that would permit a finding in his favor on more than mere

speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir.

2010).

### III.  DISCUSSION

Garrard's allegations relate solely to unequal pay for equal work; thus, her pay discrimination

claim is governed by the standards of the EPA.  *Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1072

(8th Cir. 2009).  The EPA prohibits pay discrimination on the basis of sex.  29 U.S.C. § 206(d).  To

establish a prima facie case of wage discrimination, Garrard must provide sufficient evidence that

her "'employer paid different salaries to men and women for equal work performed under similar

conditions.'"  *Price v. Northern States Power Co.*, 664 F.3d 1186, 1192 (8th Cir. 2011) (quoting

*Tenkku v. Normandy Bank*, 348 F.3d 737, 741 n. 2 (8th Cir. 2003)); *see* 29 U.S.C. § 206(d)(1).

If Garrard meets this burden, the burden shifts to First Step to prove one of four statutory

affirmative defenses.  *Drum*, 565 F.3d at 1072.  Those defenses require First Step to prove that any

wage differential is explained by:  (1) a seniority system; (2) a merit system; (3) a system that

measures earnings by quantity or quality of production; or (4) a differential based on any other factor

other than sex.  *Id.* (citing 29 U.S.C. § 206(d)(1)).  First Step cannot escape liability merely by

articulating one of the statutory defenses.  *Id*.  "Rather, First Step must prove that the pay differential

was based on a factor other than sex."  *Id*.  (citing *Simpson v. Merchants & Planters Bank*, 441 F.3d

572, 579 (8th Cir. 2006)).

Garrard argues that First Step paid male van drivers more than female van drivers for equal work. To establish her prima facie case, she points to eight (8) male comparators from three First Step locations who were paid more than her in 2013. First Step, however, employed fifty-five (55) male van drivers in five locations in 2013, and twenty-seven (27) of the male van drivers were paid the same wages as Garrard. One male van driver was paid less than Garrard. Thus, the Court is not convinced that Garrard has established a prima facie case of wage discrimination. *See Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 684 (8th Cir. 2001) (A female tool maker who "was paid the same as, or more than, at least some male tool makers in the tool room" failed to establish a prima facie case of wage discrimination.).

Even assuming Garrard can establish a prima facie case, First Step contends that any pay differential between Garrard and the male comparators is based on the seniority and experience of the employees. All eight (8) male van drivers that Garrard deems as her comparators began working at First Step prior to 2013 and had received periodic raises. Two of the comparators began working as early as 2009. The evidence is undisputed that First Step's practice is to hire new employees at a certain pay grade and then give them annual raises in small increments, generally in July of each year. Thus, the best comparators for Garrard would be male van drivers who were hired in 2013, the same year as Garrard. In 2013, First Step hired a total of thirty-one (31) new van drivers, and twelve (12) of those were male. Every van driver hired in 2013, whether male or female, was hired in at a rate of $8.00 per hour. Any male van driver who was paid more than Garrard in 2013 was hired before Garrard and had more seniority in the position than Garrard. Garrard has offered no evidence to dispute First Step's explanation for the pay differential.

The Court finds that First Step has established by a preponderance of the evidence that the pay differential between Garrard and her listed comparators was based on seniority and experience. Garrard has presented no evidence that would lead a reasonable jury to find otherwise.  Because First Step has met its burden of proving that seniority and experience, not unlawful discrimination, was the reason for the difference in pay, the Court finds that First Step's summary judgment motion should be granted.

### IV.  CONCLUSION

For the reasons stated above, the Court finds that Defendant First Step's summary judgment motion (ECF No. 33) should be and hereby is **GRANTED**.  The Court further finds that Plaintiff Londa Garrard's summary judgment motion (ECF No. 35) should be and hereby is **DENIED**. Accordingly, Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 13th day of May, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge